■ FRANCES JUDGE, an Infant, by Her Guardian ad Litem, HEDWIG JUDGE, et al., Respondents, v. GREEN BUS LINES, INC., et al., Appellants.— In a negligence action to recover damages for personal injury, medical expenses and loss of services, the defendants appeal from a judgment of the Supreme Court, Queens County, entered March 25, 1963 after a trial, upon a jury's verdict against them in favor of the infant plaintiff Frances Judge for $50,000 and in favor of her mother, the plaintiff Hedwig Judge, for $10,000. Judgment insofar as it is in favor of the infant plaintiff Frances Judge, affirmed, with costs to said plaintiff. Judgment insofar as it is in favor of plaintiff Hedwig Judge, reversed on the law and the facts; as to said plaintiff, the action is severed and a new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, said plaintiff shall serve and file a stipulation consenting to reduce the verdict in her favor to $6,500 and to modify the judgment accordingly; and in that event the judgment as so reduced and modified and insofar as it is in favor of said plaintiff, is affirmed, without costs. In our opinion, under all the circumstances, the verdict in favor of the plaintiff mother was excessive; it should be reduced to the amount indicated. Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ DANIEL J. PAPP, Respondent, v. NATSCO DELIVERY, INC., Appellant.— In an action to recover damages for personal injury sustained by plaintiff as a consequence of an intersection collision between two motor vehicles, the corporate defendant, Natsco Delivery, Inc. (the action having been severed as against the individual defendant), appeals from a judgment of the Supreme Court, Nassau County, rendered June 25, 1963, after trial, upon the jury's verdict of $36,500 in favor of the plaintiff. Judgment reversed on the law and the facts, and new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, the plaintiff shall serve and file a written stipulation consenting to reduce to $20,000 the jury's verdict in his favor and to modify the judgment accordingly, in which event judgment as so reduced and modified is affirmed, without costs. In our opinion, the verdict was excessive because the plaintiff failed to establish, by a preponderance of the credible evidence, his claim that the lumbosacral injury and the brain concussion, and their sequelæ, were caused by this automobile collision. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.